NANCY P. YOUNG ET AL. v. LAVINA STROTHER.

[Abstract Kentucky Law Reporter, Vol. 3—695.]

**Dower.**

The wife is entitled to claim dower in her husband's real estate sold at the judgment of creditors, and bought by a purchaser subject to the wife's claim; and she is not precluded from asserting her claim because of the fact that her husband or creditors have given her $1,000, when she has done nothing to release her dower claim.

APPEAL FROM HENRY CIRCUIT COURT.

March 28, 1882.

OPINION BY JUDGE LEWIS:

By a provision in the deed for the benefit of his creditors made by J. F. Strother, now deceased, to Bruce, his assignee, the value of his homestead exemption was reserved, and subsequently paid to him out of the proceeds of the two tracts of land sold under judgment of court. The amount, $1,000, thus paid, was used by him to repurchase 38 acres of land, part of one of the tracts sold, the title to which he caused to be conveyed to appellee, who was then his wife.

The land in which she seeks in this case to have her dower allotted is a tract of 165 acres, purchased at the judicial sale by Gaines, the vendor of appellants, of which the 38 acres form no part. It is alleged in the pleadings and satisfactorily proven that at the time the 165 acre tract was sold, it was publicly announced that the land was to be sold subject to the dower right of appellee, and that Gaines was present at the time of the announcement. It is also shown that appellant, Young, purchased of Gaines with the knowledge that there had been no relinquishment of her dower right by appellee.

It is fair to presume that the public announcement made by the auctioneer had the effect to enable Gaines to purchase the land at a less sum than he could have obtained it at if it had been unincumbered. There is no pretense that appellee ever relinquished or promised to relinquish her claim of dower in the land, or that she has done anything whatever to forfeit her claim. No objection was made by the creditors of Strother to the payment to him of the one thousand dollars or to the investment by him of that sum for the benefit of his wife. Nor did appellee, by the terms of the deed to her, agree to accept the 38 acres in satisfaction of her dower in the land.

As appellee seeks in this case to recover nothing that Gaines purchased or paid for, or had the right to sell to appellants, they can not complain. Wherefore the judgment is *affirmed*.

*J. & J. W. Rodman, for appellants.*

*Carroll & Barbour, Webb & Masterson, for appellee.*